**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____ x

Ryan Blumenthal, on behalf of himself
and all others similarly situated,

                          Case No.

               Plaintiff,

v.

                         **CLASS ACTION COMPLAINT**

ICP Construction, Inc.,

                         **<u>JURY TRIAL DEMANDED</u>**

              Defendant.

_____ x

Plaintiff Ryan Blumenthal ("Plaintiff"), on behalf of himself and all others similarly situated, by his attorneys, allege the following upon information and belief except for those allegations pertaining to Plaintiff, which are based on personal knowledge:

<u>**NATURE OF THE ACTION**</u>

1.      This action seeks to remedy the deceptive and misleading business practices of ICP Construction, Inc. ("Defendant" or "ICP") with respect to the marketing and sale of various paint-and-primer-in-one products throughout the state of New York and throughout the country, including, but not limited to, the following products (collectively the "Products"):

- Fres~Coat Premium Interior Paint & Primer - Matte;

- Fres~Coat Premium Interior Paint & Primer - Eggshell;

- Fres~Coat Premium Interior Paint & Primer - Satin;

- Fres~Coat Premium Interior Paint & Primer – Semi Gloss;

- Malibu Premium Interior Paint & Primer in 1 - Flat;

- Malibu Premium Interior Paint & Primer in 1 - Eggshell;

- Malibu Premium Interior Paint & Primer in 1 – Semi Gloss;

2.     Defendant manufactures, sells, and distributes the Products with the claim that the Products are "Paint + Primer" or "Paint & Primer in 1."  Images of Defendant's Products with the representation are displayed below:















3.      Reasonable consumers believe that products that claim to offer "Paint and Primer" or "Paint & Primer in 1" contain both paint and primer in that product, and that the consumer will get the benefits of both a paint and a primer from just the one product.  However, Defendant's advertising and marketing campaign is false, deceptive, and misleading since the Products do not work as represented as they do not adequately cover and adhere to the surface without first separately applying primer.

4.      Plaintiff and those similarly situated ("Class Members"), when purchasing the Products, relied on Defendant's misrepresentations that the Products, represented as "Paint and Primer" or "Paint & Primer in 1," could cover and adhere to the surface in one coat without the necessity of separately purchasing primer and applying primer to the surface before applying the paint.  In other words, the Products were marketed as saving the purchaser the additional cost, time, and effort of going through the process of priming the surface before painting it.  Because this marketing claim was false, Plaintiffs and Class members were forced to incur additional money, time, and effort in order to achieve a properly painted surface.  In addition, Plaintiff and Class Members paid a premium for the Products over and above comparable products that did not make the "Paint and Primer" or "Paint & Primer in 1" claim.  Accordingly, Plaintiff and Class Members suffered an injury in additional cost and time involved to obtain a properly painted surface, as represented by the Products' claims, as well as the amount of the price premium paid for the Products.

5.      Defendant's conduct violated and continues to violate, *inter alia*, New York General Business Law §§ 349 and 350, and the consumer protection statutes of all 50 states. Defendant breached and continues to breach its express and implied warranties regarding the Products.  Accordingly, Plaintiff brings this action against Defendant on behalf of himself and

Class Members who purchased the Products during the applicable statute of limitations period (the "Class Period").

## **FACTUAL BACKGROUND**

6.    As depicted above, the Products' labeling prominently states that the Products consist of "Paint and Primer" or "Paint & Primer in 1."  Reasonable consumers believe that this means that the Products contain both paint and primer, and that without the necessity of separately purchasing and applying primer to the surface, they will get the benefits of having primed and painted the surface.  But despite these representations, the Products do not work as represented and do not adhere to and cover the surface without first priming the surface.   Prior to purchasing the Products, Plaintiff read and relied upon the aforementioned representations on the Products' labeling.

7.    Primer is a special coating used as a base coat to adhere to, seal, and prepare the surface to be painted; paint adheres well to the primer, but not to un-primed surfaces.  Primer is essential to paint unprimed surfaces, such as bare wood, metal, or plaster.  To properly paint such surfaces, primer must first be applied and allowed to dry before coats of finish paint can be applied.  Even previously painted surfaces often need to be freshly primed to achieve adequate cover and adhesion, and to prevent subsequent peeling.

8.    Defendant's claim that the Products are "Paint and Primer" or "Paint & Primer in 1" clearly and expressly represents to the purchaser that the Products contain both paint and primer and can be used to paint any surface without the necessity of separately purchasing and applying primer, thus saving the purchaser money, time, and effort.

9.    However, the Products do not work as represented, and contrary to Defendant's claim on the label, they do not constitute "Paint and Primer" or "Paint & Primer in 1."

10.    Independent testing of the Products was conducted on at least two different surfaces.  The testing revealed that one coat of the Product, applied according to Defendant's recommendations, did not properly adhere to either surface and showed significant bleed through after approximately one week of aging.

11.    Through its deceptive advertising and labeling, Defendant has violated, *inter alia*, NY General Business Law § 392-b by: a) putting upon an article of merchandise, bottle, wrapper, package, label, or other thing containing or covering such an article, or with which such an article is intended to be sold, or is sold, a false description or other indication of or respecting the kind of such article or any part thereof; and b) selling or offering for sale an article which, to their knowledge, is falsely described or indicated upon any such package or vessel containing the same, or label thereupon, in any of the particulars specified.

12.    Consumers rely on marketing and information in making purchasing decisions.

13.    By marketing the Products as having the ability to be "Paint and Primer" or "Paint & Primer in 1" and by placing those representations in a prominent location on the labels of the Products throughout the Class Period, Defendant knows that those claims are material to consumers.

14.    Defendant's deceptive representations and omissions are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions.

15.    Plaintiff and the Class Members reasonably relied to their detriment on Defendant's misleading representations and omissions.

16.     Defendant's false, misleading, and deceptive misrepresentations and omissions are likely to continue to deceive and mislead reasonable consumers and the general public, as they have already deceived and misled Plaintiff and the Class Members.

17.     In making the false, misleading, and deceptive representations and omissions described herein, Defendant knew and intended that consumers would pay a premium for products marketed as having the ability to provide paint-and-primer-in-one over comparable products not so marketed.

18.     As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representations and omissions, Defendant injured Plaintiff and the Class Members in that they:

    a.  Paid a sum of money for Products that were not what Defendant represented;

    b.  Paid a premium price for Products that were not what Defendant represented;

    c.  Were deprived of the benefit of the bargain because the Products they purchased was different from what Defendant warranted; and

    d.  Were deprived of the benefit of the bargain because the Products they purchased had less value than what Defendant represented.

19.     Had Defendant not made the false, misleading, and deceptive representations and omissions, Plaintiff and the Class Members would not have been willing to pay the same amount for the Products they purchased and, consequently, Plaintiff and the Class Members would not have been willing to purchase the Products.

20.     Plaintiff and the Class Members paid for Products that provide paint-and-primer-in-one and that they believed were proven to provide a paint-and-primer-in-one.  The Products Plaintiff and the Class Members received was worth less than the Products for which they paid.

21.     Plaintiff and the Class Members all paid money for the Products; however, Plaintiff and the Class Members did not obtain the full value of the advertised Products due to Defendant's misrepresentations and omissions.  Plaintiff and the Class Members purchased, purchased more of, and/or paid more for, the Products than they would have had they known the truth about the Products.  Consequently, Plaintiff and the Class Members have suffered injury in fact and lost money as a result of Defendant's wrongful conduct.

22.     Plaintiff and Class Members read and relied on Defendant's representations about the benefits of using the Products and purchased Defendant's Products based thereon.  Had Plaintiff and Class Members known the truth about the Products, i.e., that they do not have the benefits they say they do (i.e. paint-and-primer-in-one), they would not have been willing to purchase it at any price, or, at minimum would have paid less for it.

## JURISDICTION AND VENUE

23.     This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. section 1332(d) in that: (1) this is a class action involving more than 100 class members; (2) Plaintiff is a citizen of the state of New York and Defendant ICP Construction, Inc is a citizen of the state of Massachusetts; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

24.     This Court has personal jurisdiction over Defendant because Defendant conducts and transacts business in the state of New York, contracts to supply goods within the state of New York, and supplies goods within the state of New York.

25.     Venue is proper because Plaintiff and many Class Members reside in the Eastern District of New York, and throughout the state of New York.  A substantial part of the events or omissions giving rise to the Classes' claims occurred in this district.

## PARTIES

**Plaintiff**

26.    Plaintiff is an individual consumer who, at all times material hereto, was a citizen of New York State.  Plaintiff purchased the Products during the Class Period.  Plaintiff purchased Defendant's Fres~Coat Premium Interior Paint & Primer - Eggshell for his personal use on December 8, 2023 for a purchase price of $49.42 from Interior Design Center - an authorized retailer.  Plaintiff purchased the Product in the state of New York and had the product shipped to his home in the state of New York.  The Product purchased by the Plaintiff is substantially and sufficiently similar to the Products that Plaintiff did not purchase (i.e. each of Defendant's Products set forth herein in paragraph 1).

27.    Plaintiff purchased the Product because he saw and read the labeling, which represented the Products as "Paint and Primer" or "Paint & Primer in 1."  Plaintiff relied on Defendant's false, misleading, and deceptive representations that the Products are "Paint and Primer" or "Paint & Primer in 1" and that they perform accordingly.  Had Plaintiff known the truth—that the representations he relied upon in making his purchases were false, misleading, and deceptive—he would not have purchased the Products or would not have purchased them at a premium price.

28.    Had Defendant not made the false, misleading, and deceptive representations that the Products were "Paint and Primer" or "Paint & Primer in 1."  Plaintiff would not have been willing to pay the same amount for the Products, and, consequently, would not have been willing to purchase the Products.  Plaintiff purchased, purchased more of, and/or paid more for, the Products than he would have had he known the truth about the Products.  The Products Plaintiff

received were worth less than the Products for which he paid.  Plaintiff was injured in fact and lost money as a result of Defendant's improper conduct.

**Defendant**

29.     Defendant is a corporation organized and existing under the laws of the state of Massachusetts with its principal place of business in Andover, Massachusetts.  Defendant manufactures, markets, advertises, and distributes the Products throughout the United States. Defendant created and/or authorized the false, misleading, and deceptive advertisements, packaging, and labeling for the Products.

## CLASS ALLEGATIONS

30.     Plaintiff brings this matter on behalf of himself and those similarly situated.  As detailed at length in this Complaint, Defendant orchestrated deceptive marketing and labeling practices.  Defendant's customers were uniformly impacted by and exposed to this misconduct. Accordingly, this Complaint is uniquely situated for class-wide resolution.

31.     The Class is defined as all consumers who purchased the Products anywhere in the United States during the Class Period (the "Class").

32.     Plaintiff also seeks certification, to the extent necessary or appropriate, of a subclass of individuals who purchased the Products in the state of New York at any time during the Class Period (the "New York Subclass").

33.     The Class and New York Subclass shall be referred to collectively throughout the Complaint as the Class.

34.     The Class is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

15

35.     <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable.  Plaintiff believes that there are thousands of consumers in the Class and the New York Class who are Class Members as described above who have been damaged by Defendant's deceptive and misleading practices.

36.     <u>Commonality</u>: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

a.  Whether Defendant is responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products;

b.  Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant has engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of its Products;

c.  Whether Defendant made false and/or misleading statements to the Class and the public concerning the contents of its Products;

d.  Whether Defendant's false and misleading statements concerning its Products were likely to deceive the public; and

e.  Whether Plaintiff and the Class are entitled to money damages under the same causes of action as the other Class Members?

37.     <u>Typicality</u>: Plaintiff are a member of the Class.  Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same deceptive, misleading conduct and purchased Defendant's Products.  Plaintiff are entitled to relief under the same causes of action as the other Class Members.

38.     <u>Adequacy</u>: Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Class Members he seeks to represent, his consumer fraud claims are common to all members of the Class and he has a strong interest in vindicating his rights, he

has retained counsel competent and experienced in complex class action litigation, and counsel intends to vigorously prosecute this action.

39.    <u>Predominance</u>: Pursuant to Rule 23(b)(3), the common issues of law and fact identified above predominate over any other questions affecting only individual members of the Class.  The Class issues fully predominate over any individual issue because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's deceptive and misleading marketing and labeling practices.

40.    <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

    a.  The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

    b.  The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claims, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

    c.  When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

    d.  This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

    e.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

    f.  This class action will assure uniformity of decisions among Class Members; The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

    g.  The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

h. Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by single class action; and

i. It would be desirable to concentrate in this single venue the litigation of all class members who were induced by Defendant's uniform false advertising to purchase its Products providing paint-and-primer-in-one.

41.    Accordingly, this Class is properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## CLAIMS

### FIRST CAUSE OF ACTION
### VIOLATIONS OF NEW YORK GBL § 349
**(On Behalf of Plaintiff and New York Subclass Members)**

42.    Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

43.    New York General Business Law Section 349 ("GBL § 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . ."

44.    The conduct of Defendant alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the New York Subclass Members seek monetary damages against Defendant, enjoining them from inaccurately describing, labeling, marketing, and promoting the Products and from charging consumers monies in the future.

45.    Defendant misleadingly, inaccurately, and deceptively advertise and market the Products to consumers.

46.    Defendant's improper consumer-oriented conduct (including labeling and advertising the Products as providing "Paint and Primer" or "Paint & Primer in 1") is misleading in a material way in that it, *inter alia*, induced Plaintiff and the New York Subclass Members to purchase and pay a premium for Defendant's Products and to use the Products when they otherwise would not have.  Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

47.    Plaintiff and the New York Subclass Members have been injured inasmuch as they paid a premium for Products that (contrary to Defendant's representations) do not provide "Paint and Primer" or "Paint & Primer in 1."  Accordingly, Plaintiff and the New York Subclass Members received less than what they bargained and/or paid for.

48.    Defendant's advertising and Products' labeling induced Plaintiff and the New York Subclass Members to buy Defendant's Products and to pay a premium price for them.

49.    Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff and the New York Subclass Members have been damaged thereby.

50.    As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff and the New York Subclass Members are entitled to monetary, statutory damages of $50 per unit sold, compensatory, treble and punitive damages, restitution, and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**VIOLATION OF NEW YORK GBL § 350**
**(On Behalf of Plaintiff and the New York Subclass Members)**

51.     Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

52.     N.Y. Gen. Bus. Law § 350 provides, in part, as follows:

> False advertising in the conduct of any business, trade, or commerce or in the furnishing of any service in this state is hereby declared unlawful.

53.     N.Y. Gen. Bus. Law § 350a(1) provides, in part, as follows:

> The term 'false advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions proscribed in said advertisement, or under such conditions as are customary or usual . . .

54.     Defendant's labeling and advertisements contain untrue and materially misleading statements concerning Defendant's Products inasmuch as they misrepresent that the Products provide "Paint and Primer" or "Paint & Primer in 1."

55.     Plaintiff and the New York Subclass Members have been injured inasmuch as they relied upon the labeling, packaging, and advertising and paid a premium for the Products which (contrary to Defendant's representations) do not provide "Paint and Primer" or "Paint & Primer in 1."  Accordingly, Plaintiff and the New York Subclass Members received less than what they bargained and/or paid for.

56.     Defendant's advertising and Products' labeling induced Plaintiff and the New York Subclass Members to buy Defendant's Products.

57.     Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

58.     Defendant's conduct constitutes multiple, separate violations of N.Y. Gen. Bus. Law § 350.

59.     Defendant made the material misrepresentations described in this Complaint in Defendant's advertising and on the Products' labeling.

60.     Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large.  Moreover, all consumers purchasing the Products were and continue to be exposed to Defendant's material misrepresentations.

61.     As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff and New York Subclass Members are entitled to monetary, statutory damages of $500 per unit sold, compensatory, treble and punitive damages, restitution, and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION
### BREACH OF EXPRESS WARRANTY
**(On Behalf of Plaintiff and All Class Members)**

62.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

63.     Defendant provided Plaintiff and Class Members with an express warranty in the form of written affirmations of fact promising and representing that the Products provide "Paint and Primer" or "Paint & Primer in 1."

64.    The above affirmations of fact were not couched as "belief" or "opinion," and were not "generalized statements of quality not capable of proof or disproof."

65.    These affirmations of fact became part of the basis for the bargain and were material to Plaintiff's and Class Members' transactions.

66.    Plaintiff and Class Members reasonably relied upon Defendant's affirmations of fact and justifiably acted in ignorance of the material facts omitted or concealed when they decided to buy Defendant's Products.

67.    Within a reasonable time after he knew or should have known of Defendant's breach, Plaintiff, on behalf of himself and Class Members, placed Defendant on notice of its breach by mailing Defendant a pre-suit letter on January 17, 2024, giving Defendant an opportunity to cure their breach, which they refused to do.

68.    Defendant thereby breached the following state warranty laws:

a.    Code of Ala. § 7-2-313;

b.    Alaska Stat. § 45.02.313;

c.    A.R.S. § 47-2313;

d.    A.C.A. § 4-2-313;

e.    Cal. Comm. Code § 2313;

f.    Colo. Rev. Stat. § 4-2-313;

g.    Conn. Gen. Stat. § 42a-2-313;

h.    6 Del. C. § 2-313;

i.    D.C. Code § 28:2-313;

j.    Fla. Stat. § 672.313;

k.    O.C.G.A. § 11-2-313;

l.      H.R.S. § 490:2-313;

m.      Idaho Code § 28-2-313;

n.      810 I.L.C.S. 5/2-313;

o.      Ind. Code § 26-1-2-313;

p.      Iowa Code § 554.2313;

q.      K.S.A. § 84-2-313;

r.      K.R.S. § 355.2-313;

s.      11 M.R.S. § 2-313;

t.      Md. Commercial Law Code Ann. § 2-313;

u.      106 Mass. Gen. Laws Ann. § 2-313;

v.      M.C.L.S. § 440.2313;

w.      Minn. Stat. § 336.2-313;

x.      Miss. Code Ann. § 75-2-313;

y.      R.S. Mo. § 400.2-313;

z.      Mont. Code Anno. § 30-2-313;

aa.     Neb. Rev. Stat. § 2-313;

bb.     Nev. Rev. Stat. Ann. § 104.2313;

cc.     R.S.A. 382-A:2-313;

dd.     N.J. Stat. Ann. § 12A:2-313;

ee.     N.M. Stat. Ann. § 55-2-313;

ff.     N.Y. U.C.C. Law § 2-313;

gg.     N.C. Gen. Stat. § 25-2-313;

hh.     N.D. Cent. Code § 41-02-30;

ii.     II. O.R.C. Ann. § 1302.26;

jj.     12A Okl. St. § 2-313;

kk.     Or. Rev. Stat. § 72-3130;

ll.     13 Pa. Rev. Stat. § 72-3130;

mm.     R.I. Gen. Laws § 6A-2-313;

nn.     S.C. Code Ann. § 36-2-313;

oo.     S.D. Codified Laws, § 57A-2-313;

pp.     Tenn. Code Ann. § 47-2-313;

qq.     Tex. Bus. & Com. Code § 2.313;

rr.     Utah Code Ann. § 70A-2-313;

ss.     9A V.S.A. § 2-313;

tt.     Va. Code Ann. § 59.1-504.2;

uu.     Wash. Rev. Code Ann. § 6A.2-313;

vv.     W. Va. Code § 46-2-313;

ww.     Wis. Stat. § 402.313; and

xx.     Wyo. Stat. § 34.1-2-313.

69.     Defendant breached the express warranty because the Products do not provide "Paint and Primer" or "Paint & Primer in 1."

70.     As a direct and proximate result of Defendant's breach of the express warranty, Plaintiff and Class Members were damaged in the amount of the price they paid for the Products, in an amount to be proven at trial.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues.

24

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for judgment as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class under Rule 23 of the FRCP;

(b) Awarding monetary damages and treble damages;

(c) Awarding statutory damages of $50 per transaction, and treble damages for knowing and willful violations, pursuant to N.Y. GBL § 349;

(d) Awarding statutory damages of $500 per transaction pursuant to N.Y. GBL § 350;

(e) Awarding punitive damages;

(f) Awarding Plaintiff and Class Members their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys and experts, and reimbursement of Plaintiff's expenses; and

(g) Granting such other and further relief as the Court may deem just and proper.


Dated: June 13, 2024

Respectfully submitted,

**SULTZER & LIPARI, PLLC**

Daniel Markowitz /s/

By: _____

Daniel Markowitz, Esq.
Jason P. Sultzer, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
Fax: (888) 749-7747
markowitzd@thesultzerlawgroup.com
sultzerj@thesultzerlawgroup.com

*Counsel for Plaintiff and the Class*

25